UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **KOSTMAYER CONSTRUCTION CO., L.L.C.** | **CIVIL ACTION** |
| **VERSUS** | **NO: 05-6655**<br>**C/W 06-1272** |
| **CARLINE'S GEISMAR FLEET, INC.** | **SECTION: "S" (4)** |

## ORDER AND REASONS

**IT IS HEREBY ORDERED** that the Motions to Dismiss (Rec. Docs. 147 & 148) filed by Cajun Contractors Inc., Philadelphia Point Fleet, Inc., Carline Management Company, Inc., and the Northern Assurance Company are **GRANTED.**

**IT IS FURTHER ORDERED** that Kostmayer Construction Co., L.L.C.'s and Monticello Equipment Corporation's Motion For Leave to File Amended Pretrial Order (Rec. Doc. 136) is **DENIED**.

## BACKGROUND

The background of this case is set forth in this Court's Order and Reasons (Rec. Doc. 135) dated August 3, 2007.

**DISCUSSION**

The substantive issues of this case have been settled. The only remaining issue is whether claims for attorneys' fees and costs must be dismissed or whether plaintiffs should be allowed to amend the pretrial order to include claims therefor. Defendants, Cajun, Philadelphia, Carline, and Northern, move for dismissal of the claims for attorneys' fees and costs requested by plaintiffs, Kostmayer and Monticello, contending that the claims were not asserted in accordance with Federal Rules of Civil Procedure 8 and 9; the plaintiffs waived their claims because they were not included in the pretrial order; and alternatively, attorneys' fees are not recoverable under the contract between Kostmayer and Cajun.

The United States Court of Appeals for the Fifth Circuit directly addressed the issue of waiver when omitting claims from the pretrial order in *Elvis Presley Enterprises Incorporated v. Capece*, 141 F. 3d 188, 206 (5th Cir. 1998). The court was called upon to determine whether the district court properly denied the claim for an accounting of profits where the claim was not included in the pretrial order. *Id*. The Fifth Circuit explained that "[i]t is a well-settled rule that a joint pretrial order signed by both parties supersedes all pleadings and governs the issues and evidence to be presented at trial." *Id*. (citing *McGehee v. Certainteed Corp.*, 101 F.3d 1078, 1080 (5th Cir.1996) (citations omitted). "Once the pretrial order is entered, it controls the course and scope of the proceedings under Federal Rule of Civil Procedure 16(e), and if a claim or issue is omitted from the order, it is waived, even if it appeared in the complaint." *Id*. (citing *Valley Ranch Dev. Co. v. FDIC*, 960 F.2d 550, 554 (5th Cir.1992)). The court in *Elvis* explained that the joint pretrial order filed by the parties did not include a request for an accounting of profits. *Id.* The court held that the claim

for accounting of profits had been waived. *Id.*

Plaintiffs argue that *Elvis* is distinguishable because in this case they have requested to amend the pretrial order. "The trial judge is vested with broad discretion to preserve the integrity and purpose of a pretrial order." *Sherman v. U.S.*, 462 F. 2d 577, 579 (5th Cir. 1972). A pretrial order is not to be set aside except to avoid manifest injustice. *Id.* (citing Fed. R. Civ. Pro. 16). "An amendment of a pretrial order should be permitted where no substantial injury will be occasioned to the opposing party, the refusal to allow the amendment might result in injustice to the movant, and the inconvenience to the court is slight." *Id.* (citations omitted).

Although plaintiffs generally requested attorneys' fees and costs in the prayer for relief in their complaint and amended complaints, a review of the joint pretrial order filed with this Court on July 25, 2007, demonstrates that plaintiffs did not list attorneys' fees and costs as elements of damages. Following *Elvis*, this Court finds that the pretrial order supersedes all pleadings and governs the issues and evidence to be presented at trial. Plaintiffs did not include a request for attorneys' fees and costs in the pretrial order, and those claims have been waived.[1] Additionally, considering the factors espoused in *Sherman*, this Court declines to allow plaintiffs to file an amended pretrial order at this late stage of the case. The substantive issues have been settled. Counsel for defendants have represented to the court that in entering into the settlement they relied in good faith on the understanding that any claims for attorneys' fees and costs were waived. Accordingly, defendants' motions to dismiss are granted, and plaintiffs' motion amend the pre-trial

---

[1] Because the pretrial order did not contain claims for attorneys' fees and costs, this Court declines to address defendants' alternate arguments regarding Rules 8 and 9 and the contract between Kostmayer and Cajun.

order is denied.

## CONCLUSION

The Motions to Dismiss filed by Cajun Contractors' Inc., Philadelphia Point Fleet, Inc., Carline Management Company, Inc., and the Northern Assurance Company are granted and Kostmayer Construction Co., L.L.C.'s and Monticello Equipment Corporation's Motion For Leave to File Amended Pretrial Order is denied.

New Orleans, Louisiana, this __10th__ day of October, 2007.

_____
**MARY ANN VIAL LEMMON**
**UNITED STATES DISTRICT JUDGE**